**FRANKLIN HARRIS, Plaintiff**

v.

**NO. 1 CONTRACTING CORP. EXCAVATION CONSTRUC-
TION CO. d/b/a/ A Joint Venture Holding Itself Out as
E.C. NO. 1, and S & C CORPORATION, Defendants**

Civil No. 249/1982

**S & C CORPORATION, Third-Party Plaintiff**

v.

**GENERAL TIRE & RUBBER COMPANY,
Third-Party Defendant**

Civil No. —/1984

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

January 21, 1986

ETHEL CARR HUNTER MITCHELL, ESQ., St. Thomas, V.I., *for plaintiff*

JAMES L. HYMES, ESQ., St. Thomas, V.I., *for E.C. No. 1*

GEORGE MARSHALL MILLER, ESQ., St. Thomas, V.I., *for S & C Corporation*

JOEL W. MARSH, ESQ., St. Thomas, V.I., *for General Tire & Rubber Co.*

CHRISTIAN, *Senior Sitting Judge*

## MEMORANDUM OPINION

### I. INTRODUCTION

Before the Court are two motions for disposition, one by defendant No. 1 Contracting Corp. Excavation Construction Company dba A Joint Venture Holding Itself Out as E.C. No. 1 ("E.C.-1"), for Summary Judgment; and the second by Third Party Defendant, General Tire and Rubber Company ("General Tire"), to Compel Answers to Interrogatories and Response to Demand for Production directed to Co-Defendant and Third Party Plaintiff S & C Corporation ("S & C"), and to impose sanctions against S & C pursuant to FRCP 37(d) for excessive tardiness in compliance with FRCP 33. For the reasons appearing below, E.C.-1's Motion

for Summary Judgment will be granted, and General Tire's Motion to Compel, etc., now being moot, will be granted only to the extent of the imposition of sanctions.

## II. FACTUAL BACKGROUND

On or before July 24, 1981, the Virgin Islands Port Authority ("VIPA") entered into a contract with E.C.-1 to furnish all materials and labor for the construction, development and expansion of the runway at the Harry S. Truman Airport, now renamed Cyril E. King Airport. Section 7 of this contract entitled Legal Relations and Responsibility to Public reads in apparent pertinent part:

> I. Working conditions. No contractor may require any laborer or mechanic employed in the performance of the contract to work in surroundings or under working conditions that are unsanitary, hazardous, or dangerous to his health or safety as determined under construction safety and health standards (29 CFR Part 1926) and other occupational and health standards (29 CFR Part 1910) issued by the Secretary of Labor.
>
> J. Subcontracts. The contractor will insert in each of his subcontracts the clauses contained in paragraphs A through K of this provision, and also a clause requiring the subcontractors to include these provisions in any lower tier subcontracts which they may enter into, together with a clause requiring this insertion in any further subcontracts that may in turn be made. (29 CFR 5.5(a)(6), 5.5(c)(4).)

On July 24, 1981, E.C.-1 entered into a subcontract with S & C to haul 1,000,000 tons of earth and shot rock materials on trucks provided and operated by S & C from Sara Hill . . . to designated dumping areas. The subcontractor also provided: "S & C Corporation will provide all equipment, labor, fuel, greases, tires, maintenance, administration, permits, tarpaulins, and all incidentals to provide the above hauling requirements." The subcontract required E.C.-1 to "maintain the designated haul roads [over which S & C trucks would travel from pick up to dumping sites], providing a suitable area for S & C Corp. to install an office and maintenance facility." But S & C, in addition to its obligation under the subcontract to provide all equipment, etc., for the performance of the agreement, was required to install and maintain its own office and maintenance facility.

5

Franklin Harris, the plaintiff herein ("Harris"), was employed by S & C to repair tires and trucks used by S & C in performing its work called for by the subcontract. Plaintiff's Complaint, Paragraph 8. On the 21st of October 1981, while so employed, a tire on which Harris was working exploded causing him great bodily injury. Said Complaint at Paragraph 9. Harris sued his employer, the independent subcontractor, S & C, and S & C's employer, E.C.-1, for compensatory damages in the amount of $50,000.00, and for costs and attorney's fees. Thereupon, E.C.-1 filed this Motion for Summary Judgment.

What may become a pertinent, and perhaps even a crucial and dispositive, factor later in the progress of this litigation is the fact that Harris' employer, S & C, was not insured pursuant to the requirements of the local Workmen's Compensation Act, 24 V.I.C. § 251 et seq.; and it is not yet ascertained whether Harris elected to accept workmen's compensation coverage and benefits under and by virtue of 24 V.I.C. § 261(b)(1), from the Uninsured-Employer Cases Fund (261(a)(2)), which election could operate to bar him from pursuing his common law remedy against S & C provided to work-related injured employees of employers who are uninsured in noncompliance with the Workmen's Compensation Act. 24 V.I.C. § 284. But that aspect of the case is not relevant to our disposition on the instant motion.

## III. DISCUSSION

### A. MOTION FOR SUMMARY JUDGMENT

Summary Judgment is appropriate only in a restricted group of cases where the affidavits, pleadings, and depositions indicate there is no genuine issue as to material fact, and the moving party is entitled to judgment as a matter of law. FRCP 56; Leader v. Merchant's Market, Inc., Civ. No. 80/1982 (D.C.V.I. 1982).

Further, Summary Judgment is a drastic remedy, and the Third Circuit has made it clear that any doubts as to the existence of genuine issues of fact are to be resolved against the moving party. Leader, supra, quoting Ness v. Marshall, 660 F.2d 517, 519 (3d Cir. 1981).

■ The Court in reviewing a request for summary judgment must view any inference which can be drawn from the underlying facts in the light most favorable to the party opposing the motion. Leader, supra, quoting Goodman v. Mead Johnson & Co., 534 F.2d 566, 573 (3d Cir. 1976).

In the case of Calvert Gibson v. Sullivan Trail Coal Company, et al., Civil No. 1981/354, decided as late as April 1985, Judge David O'Brien, relying on earlier decisions by Chief Judge Almeric Christian, which in turn relied on the teaching of Chapter 15 of the Restatements of Torts (Second), Sections 409 through 429, held that in the U.S. Virgin Islands, an employee of an independent contractor cannot successfully bring an action for damages against the entity which hired the independent contractor in the first place. See Munson v. Duval, 11 V.I. 615 (D.V.I. 1975); also Tauscher v. Puget Sound Power & Light Co., 635 P.2d 426, 429 (Wash. S.C. 1981).

An elaboration on the rationale for the rule was enunciated by Judge O'Brien as follows:

> Most of the cases which form the overwhelming majority of jurisdictions holding as we do have relied heavily on language which was found in the American Law Institute's Tentative Draft No. 7 as a special note to Chapter 15 of the Restatement of Torts (Second). The language, in pertinent part, is as follows:
>
>> [T]he workman's recovery is now, with relatively few exceptions, regulated by workmen's compensation acts, the theory of which is that the insurance out of which the compensation is to be paid is to be carried by the workman's own employer, and of course premiums are to be calculated on that basis. While the workmen's compensation acts not infrequently provide for third-party liability, it has not been regarded as necessary to impose such liability upon one who hires the contractor, since it is to be expected that the cost of the workmen's compensation insurance will be included by the contractor in his contract price for the work, and so will in any case ultimately be borne by the defendant who hires him.

■ The Gibson Court stated the controlling principle of law succinctly: "We reaffirm previous case law in this territory [the U.S. Virgin Islands] and hold with the vast majority of jurisdictions that such an employee [an employee of an independent contractor]

7

is not a part of the protected class for whom an action is available under Chapter 15 of the Restatement of Torts, (Second), Sections 409 through 429." In Tauscher there is even more light giving further illumination on the law on the subject and the reasons therefor:

There are strong policy considerations behind limiting an owner's liability to those third parties other than employees of independent contractors. First, the rationale underlying the exception to the rule for non-liability, which is that we did not want an owner shifting his or her liability by hiring an independent contractor to perform a task, is not relevant in the case of an employee of an independent contractor. An owner who employs an independent contractor is already liable to all third persons, including employees of the independent contractor, for his or her own negligence, for negligence in the hiring of the independent contractor and for injuries resulting from any latent defects on the land. See Welker v. Kennecott Cooper Co., 1 Ariz., App. 395, 403 P.2d 330 (1965); Restatement (Second) of Torts Section 343 (1965). Thus, the law already imposes upon the employer a duty of due care. The employer's liability for damage resulting from the negligence of the independent contractor is limited to third parties largely because the employer has in a sense already assumed financial responsibility for the injuries to the employees in that the contract he or she pays to the independent contractor necessarily includes the costs of the insurance premiums that the independent contractor must pay for workers' compensation coverage. King v. Shelby Rural Electric Cooperative Corp., 502 S.W.2d 659 (Ky. App. 1973); Vagle v. Pickands Mather & Co., 611 F.2d 1212, 1218 (8th Cir. 1979). The employee already has a remedy; one which the owner has paid for.

Secondly, under our workers' compensation statutory scheme, the employer is released from financial responsibility for on-the-job injuries to his or her employees. To hold an employer liable for injuries to employees of the independent contractor would subject the employer to a greater liability than if the employer had utilized his or her own employees. King, at 663; Vagle, at 218; Cochran v. International Harvester Co., 408 F. Supp. 598, 602–603 (W.D. Ky. 1975).

It should be abundantly clear that the protected class referred to in Munson, and Gibson, and the Restatement, those who have suffered injuries in connection with the performance of contracts by independent contractors, and who under certain special, exceptional conditions may sue, not only the independent contractor, but also the person or entity who employed him, also referred to in the Restatements as "others" who may bring such suits, do not include the employees of independent contractors, for they already have their remedy under Workmen's Compensation, or where that was not provided to them as required by the Workmen's Compensation Act, at common law. On the other hand, persons who are not employees of independent contractors and thus who do not have recourse to the remedies offered by either the Workmen's Compensation Act, under regular coverage, or by virtue of its Special Uninsured-Employer Cases Fund, created to provide a quick remedy for work-related injured employees of uninsured employers (24 V.I.C. § 261(a)(1)), where taken advantage of, or under the common law, invariably have a remedy against the independent contractor, and in special, exceptional cases, according to the Tauscher case, supra, as where the employer of the contractor was himself negligent, or negligent in hiring the independent contractor, or for injuries resulting from latent defects, against the person who hired the independent contractor as well. Clearly, in all such cases, the injured employee of the independent contractor already has his remedy, if not under workmen's compensation, at common law, against his immediate employer, the independent contractor. This is fair and just especially where, as here, the employer of the subcontractor retained no control over his operations in which plaintiff was injured.

■ Applying the above principles to the facts of this case, especially in the light that we are obligated to view them in the disposition of this type of motion, there is no dispute about the fact that S & C was an independent subcontractor; that E.C.-1 retained and exercised no control over S & C operations; that Harris was an employee of S & C; or that he was injured while working for S & C.

If the points made by Harris in his opposition to E.C.-1's Motion for Summary Judgment, including his citation of Section 411 of the Restatement (Second) of Torts, and Comment a thereof, and his Statement [List] of Genuine Issues re Motion for Summary Judgment, referred to a claim for damages by a third person,

9

"others" completely discrete from an "employee of an independent subcontractor", which he was, then there would unquestionably exist issues of material fact to be tried, and the granting of a Motion for Summary Judgment would be wholly inappropriate. In the light of the above principles of law, we hold that Harris' reliance and basis for contending that there are genuine issues of material fact to be tried are misplaced, and therefore are entirely without merit.

■ As for the provisions of Section 7 of the prime contract between VIPA and E.C.-1, those provisions are no more than part of the package of mutual, reciprocal rights and responsibilities created by the parties to that contract, and which they, and only they, have legal standing to invoke and rely upon in any ensuing litigation.

## B. MOTION TO COMPEL ANSWERS TO INTERROGATORIES, ETC.

On June 14, 1985, General Tire propounded its First Set of Interrogatories to third-party S & C. Rule 33 of the Federal Rules of Civil Procedure provides in pertinent part:

> The party upon whom interrogatories have been served shall serve a copy of the Answers, and Objections, if any, within 30 days after the service of the interrogatories.

S & C not having responded as late as July 30, 1985, General Tire filed a Motion to Compel Answers to Interrogatories and Response to Demand for Production and for the imposition of sanctions pursuant to Rule 37(d) of the Federal Rules of Civil Procedure, which provides as follows:

> *Failure of Party to Attend at Own Deposition or Serve Answers to Interrogatories or Respond to Request for Inspection.*
>
> If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b) (6) or 3(a) to testify on behalf of a party fails (1) to appear before the officer who is to take his deposition, after being served with a proper notice, or (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or (3) to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take an action authorized under para-

10

graphs (A), (B), and (C) of subdivision (b)(2) of this rule. In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

S & C filed its response on December 12, 1985.

■ Notwithstanding the fact that S & C did respond to General Tire's First Set of Interrogatories and Demand for Production of Documents, the Court is satisfied that there is no acceptable justification for the inordinate passage of time, approximately six months, before said response was filed; therefore, pursuant to Rule 37(d) noted supra, General Tire, based on its affidavit of costs, filed on July 30, 1985, will be awarded $100.00 for attorney's fees incurred in filing its motion to compel due to S & C's untimely response in this matter.

## ORDER

Based on the Court's Memorandum Opinion of even date, and the Court being fully advised and satisfied in the premises, it is hereby

## ORDERED

1. That the Motion of Defendant E.C.-1 for Summary Judgment is granted.

2. That the Motion of General Tire and Rubber Co. To Compel S & C to Respond to its First Set of Interrogatories and Demand for Production of Documents is now moot as said response has been made.

3. That S & C shall pay to General Tire the sum of $100.00 as costs due to the additional legal work which S & C's long delay in making said response forced General Tire to perform.