**ELISE BATTLE, Plaintiff**

v.

**LOUIS INDUSTRIOUS and VIRGIN ISLANDS TAXI ASSOCIA-
TION, Defendants**

Civil No. 85/88

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

March 7, 1991

FRANCIS E. JACKSON, JR., ESQ., St. Thomas, V.I., *for plaintiff*

SAMUEL H. HALL, JR., ESQ., St. Thomas, V.I., *for defendant Louis Industrious*

RHYS S. HODGE, ESQ., St. Thomas, V.I., *for defendant V.I. Taxi Association*

HODGE, *Presiding Judge*

## MEMORANDUM OPINION

The question presented is whether a professional association may be held vicariously liable for the tortious conduct of its members based solely on affiliation.

For the reasons stated herein, the court answers the question in the negative, and will therefore grant the V.I. Taxi Association's Motion for Summary Judgment.

## FACTS

On March 12, 1987, defendant Louis Industrious, a taxi driver who is a member and officer of the Virgin Islands Taxi Association, assaulted and battered plaintiff, an employee of the Stoffer Grand Hotel on St. Thomas Virgin Islands. At the time of the assault, Industrious had transported passengers to the hotel, in his personal taxi vehicle and was in the process of removing their luggage from his vehicle. Plaintiff told Industrious to place the luggage in an area designated for such purpose, and upon his refusal she advised the passengers not to pay him until it was done. A struggle ensued and plaintiff was assaulted by Industrious. Criminal charges were filed against Industrious, and he was tried and convicted of the assault on April 23, 1987. As required by his sentence, Industrious made partial restitution to plaintiff for medical expenses incurred as a result of the assault. Plaintiff subsequently filed this civil action against Industrious and the Taxi Association, requesting an award for compensatory and punitive damages for the assault, excluding medical expenses.

Defendant Virgin Islands Taxi Association filed this motion for Summary Judgment pursuant to Rule 56, Federal Rules of Civil Procedure. It asserts that even if defendant Louis Industrious was a member or officer, the Taxi Association cannot be held liable because mere affiliation with a professional association, absent a master-servant relationship, does not warrant recovery under the theory of Respondeat Superior. Moreover, defendant Association contends that Industrious' actions were not within the scope of his authority as an officer of the Association. Plaintiff opposes the Taxi Association's motion, claiming that Industrious was an agent of or responsible to the Taxi Association.

## DISCUSSION

■ ■ Rule 56(c) of the Federal Rules of Civil Procedure addresses Summary Judgment and provides in part:

. . . . The judgment sought shall be rendered forthwith if the pleadings, depositions, Answers to interrogatories and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law . . .

Summary Judgment, an extreme remedy cannot be entered unless the movant has established its right to a judgment with such clarity as to leave no room for controversy, and the other party is not entitled to recover under any discernible circumstances. Reed, Wible and Brown, Inc. v. Mahogany Run Development Corp., 550 F. Supp. 1095, 1098 (D.V.I. 1982). It may be granted if it appears from the record, after viewing all the evidence and factual inferences in the light most favorable to the non-moving party, that the moving party is entitled to judgment as a matter of law. Harris v. No. 1 Contracting Corp., 22 V.I. 3 (Terr. Ct. St.T. and St.J. 1986); Rule 56(c), Federal Rules of Civil Procedure.

■ In addition, Rule 56(e) provides that an adverse party may not stubbornly rely upon allegations and denials in the pleadings when faced with documentation showing the absence of triable issues of fact. Moore's Federal Practice, Federal Civil Rules, R. 56 [7] and [8] (1989). The non-movant must present specific facts that show a genuine issue for trial, and upon failure to do so, summary judgment may be entered. Celotex Corp. v. Catrett, 477 U.S. 317, 324–26 (1986).

■ The Taxi Association contends that mere affiliation in a professional organization, absent a master-servant relationship, does not warrant recovery under the theory of Respondeat Superior. This court agrees. A servant is a person employed to perform services under the control of another. Restatement (second) Torts, Sections 2 and 220 (1958). The Taxi Association does not employ Industrious; thus no master-servant relationship exists. While the doctrine of Respondeat Superior applies to master-servant relationships, an independent contractor, the alternative classification in an agency relationship, is generally not liable for physical harm caused to another person by an act of the contractor. Restatement (second) Torts, section 409 (1958). Plaintiff failed to allege any reason that would exempt the Taxi Association from this general rule. Restatement (second) Torts, sections 410–429 (1958). Moreover, defendant Industrious has denied in his answer that he was acting within the scope of his office or agency of defendant Taxi Association. Plaintiff has not presented any specific facts that show a genuine issue for trial. Plaintiff merely asserts in its complaint that since defendant Industrious was an officer and a member of the Taxi Association at the time of the incident the Association should be liable for Industrious' actions under the theory of respondent superior and agency principles.

## CONCLUSION

■ Since (1) the tortious conduct committed by defendant Industrious was not within the scope of his duties as an officer of defendant Taxi Association, (2) the conduct did not result from the directives, urging, or agency orders of defendant Taxi Association and (3) plaintiff has submitted no specific facts showing a genuine issue for trial, it is clear to this court, after viewing all the evidence and factual inferences in the light most favorable to plaintiff, that Summary Judgment should be entered forthwith in favor of defendant Taxi Association.

Accordingly, the court concludes that no genuine issue of material fact exists and that defendant Taxi Association is entitled to judgment as a matter of law. Thus, its Motion for Summary Judgment dismissing plaintiff's complaint against it will be GRANTED.