**Michael CIVILS, Appellant–Defendant,**

v.

**Robert W. STUCKER, and Benjamin M. Stucker by next friend and natural father and mother, Robert W. Stucker and Rebecca A. Stucker, Appellees–Plaintiffs,**

v.

**James Huffman and Chad Huffman, Appellees–Defendants.**

No. 73A01–9807–CV–246.

Court of Appeals of Indiana.

Feb. 9, 1999.

Amanda O. Blackketter, Robert T. Thopy, McNeely Stephenson Thopy & Harrold, Shelbyville, Indiana, Attorney for Appellant.

Joseph A. Thomas, Thomas Law Office, Indianapolis, Indiana, Mark A. Metzger, Stewart Due Miller & Pugh, Indianapolis, Indiana, Attorneys for Appellees.

## OPINION

ROBB, Judge.

### Case Summary

Appellant–Defendant, Michael Civils ("Civils"), appeals the trial court's denial of his motion for summary judgment in a negligence claim filed by Robert Stucker, Benjamin Stucker, and Rebecca Stucker (collectively "Stucker"). We reverse.

### Issues

Civils raises one issue for our review which we restate as: whether the trial court properly found that he was not entitled to immunity under the Indiana Recreational Use Statute ("IRUS"), Ind.Code § 14–22–10–2.

### Facts and Procedural History

The facts most favorable to the judgment show that on January 10, 1996, fourteen year

old Benjamin and his friends were riding an inner tube being pulled by a motorized four-wheeler down a snow-covered road and around Civils's circular driveway. Sometime later the boys tied the inner tube behind an automobile being driven by another defendant. Benjamin was injured when the inner tube he was riding struck a snow bank on Civils's property.

Stucker filed suit against Civils alleging negligence for Benjamin's injuries. Civils filed a motion for summary judgment arguing that the recreational use statute provided him with immunity and that Benjamin incurred the risk of his injury. The trial court found, in part:

6. Plaintiff Benjamin Stucker was a licensee on Defendant Civils' property. A licensee enters the land of another for his own convenience, curiosity or entertainment and takes the property as he finds it. A licensee is privileged to enter or remain on the land of another by virtue of permission of sufferance.

7. Indiana landowners owe a licensee a duty to refrain from willfully or wantonly injuring him or acting in a manner to increase his peril, which includes a duty to warn a licensee of any latent danger on the premises.

8. In this case, Plaintiff Benjamin Stucker had Defendant Civils' permission to enter the land (conduct of Defendant Civils which justified others in believing that the possessor of the land is willing that they shall enter if they desire to do so).

9. The Court cannot conclude that Civils' conduct was such that others were justified in believing that he (Civils) desired them to enter the land.

10. The Court cannot conclude that Indiana's recreational use statute (IC 14–22–10–2) is applicable. The designated materials do not support the conclusion that Defendant Civils opened his property to the public for recreational purposes.

R. 150–51. Civils now appeals.

### Discussion and Decision

We review the trial court's decision granting summary judgment to determine whether the trial court correctly concluded that "there is no genuine issue of material fact and ... the moving party is entitled to a judgment as a matter of law." Ind. Trial Rule 56(C); *Orr v. Westminster Village North, Inc.*, 689 N.E.2d 712, 717 (Ind.1997). The party appealing the trial court's grant or denial of summary judgment has the burden of persuading this court that the trial court's decision was erroneous. *North Snow Bay, Inc. v. Hamilton*, 657 N.E.2d 420, 422 (Ind. Ct.App.1995). A grant of summary judgment may be affirmed upon any theory which the designated materials support, and we are not limited to reviewing the trial court's reasons for granting summary judgment. *Roessler v. Milburn*, 692 N.E.2d 1377, 1378 (Ind. Ct.App.1998) (citation omitted).

Indiana Code Section 14–22–10–2 provides, in part:

(d) A person who goes upon or through the premises, including caves, of another:

  (1) with or without permission; and

  (2) either:

    (A) without the payment of monetary consideration; or

    (B) with the payment of monetary consideration directly or indirectly on the person's behalf by an agency of the state or federal government; for the purpose of swimming, camping, hiking, sightseeing, or any other purpose (other than the purposes described in section 2.5 of this chapter) does not have an assurance that the premises are safe for the purpose.

(e) The owner of the premises does not:

  (1) assume responsibility; or

  (2) incur liability;

for an injury to a person or property caused by an act or failure to act of other persons using the premises.

(f) This section does not affect the following:

  (1) Existing Indiana case law on the liability of owners or possessors of premises with respect to the following:

(A) Business invitees in commercial establishments.

(B) Invited guests.

(2) The attractive nuisance doctrine.

■■■ This statute denies certain persons legal recourse for personal injury or property damage and, thus, is in derogation of the common law and must be strictly construed against limiting a claimant's right to bring suit. *McCormick v. State, Dept. of Natural Resources*, 673 N.E.2d 829, 833 (Ind.Ct.App. 1996). As a general rule, the recreational use statute applies if a landowner in lawful possession and control of lands allows the public to use them for recreational purposes without charging a fee. *Id.*

■■■ Civils argues that Benjamin was merely a licensee and not an invitee at the time of the accident. The trial court so found, and we agree. Licensees have a license to use the land and are privileged to enter or remain on the land by virtue of the permission or sufferance of the owner or occupier. *Id.* at 836. Licensees enter the land of another for their own convenience, curiosity, or entertainment and take the premises as they find them. *Id.* The IRUS applies to licensees and trespassers, not invitees. *See* Ind.Code § 14–22–10–2(d)(1) and (f)(1)(B).

■■■ Stucker argues that riding an inner tube being pulled by an automobile is a reckless activity not covered by the IRUS. Civils contends that sledding is an activity contemplated by the statute. We agree that normal sledding is included in Ind.Code § 14–22–10–2(d). The statute lists "swimming, camping, hiking, sightseeing, or any other purpose" as included activities. Sledding is an activity of the same kind or class as those specifically designated in the statute. *Kelly v. Ladywood Apartments*, 622 N.E.2d 1044, 1048 (Ind.Ct.App.1993), *trans. denied.* The "for any other purpose" language makes it clear the list of enumerated activities was not intended by the legislature to be exhaustive. *Id.*

■■■ However, the statute does not address the manner in which an activity is undertaken, only the type or purpose of the activity. Certainly one can engage in swimming or hiking, for instance, in a reckless manner. *See Clem v. United States*, 601 F.Supp. 835 (N.D.Ind.1985) (United States not liable where decedent was swimming at national lakeshore and drowned after being caught in undertow), *motion to amend judgment denied*, 603 F.Supp. 457 (N.D.Ind. 1985); *Reed v. United States*, 604 F.Supp. 1253 (N.D.Ind.1984) (United States not liable to plaintiff who was paralyzed upon diving into shallow water); *Barbre v. Indianapolis Water Co.*, 400 N.E.2d 1142 (Ind.Ct.App. 1980) (landowner not liable to 17–year–old who was rendered a quadriplegic as a result of diving into shallow water). We conclude that while Benjamin was riding the inner tube behind the automobile, he was engaged in a recreational use, albeit in an arguably reckless manner.

Civils argues that the statute does not require that he officially open his property to the public to obtain immunity, but only that he tacitly permits others to use the land. He contends that holding property open to the public is tantamount to an invitation, but in that case, immunity would not apply. He correctly points out that Ind.Code § 14–22–10–2 does not contain the phrase "held open to the public."

■■■ This court, however, in *McCormick*, stated that "[t]he IRUS protects landowners from liability if they have opened their property to the public for recreational use." *McCormick*, 673 N.E.2d at 833. In *McCormick*, the plaintiff argued that the decedent was an invitee while boating on Morse Reservoir, owned by the Indianapolis Water Company, and that the IRUS did not apply. This court, in attempting to distinguish between "invitation" and "permission," stated:

> Where land is held open to the public, there is an invitation to the public to enter for the purpose for which it is held open. Any member of the public who enters for that reason is an invitee ... It is not enough, to hold land open to the public, that the public at large, or any considerable number of persons, are permitted to enter at will upon the land for their own purposes. As in other instances of invitation, there must be some inducement or

encouragement to enter, some conduct indicating that the premises are provided and intended for public entry and use, and that the public will not merely be tolerated, but is expected and desired to come. When a landowner tacitly permits the boys of the town to play ball on his vacant lot they are licensees only; but if he installs playground equipment and posts a sign saying that the lot is open free to all children, there is then a public invitation, and those who enter in response to it are invitees.

*Id.* at 837 (quoting Restatement (Second) of Torts § 332 cmt. d) (emphasis omitted). We held that "no reasonable person could conclude that the Water Company extended an invitation to the decedent to use Morse Reservoir," *id.*, even though "Morse Reservoir is privately owned property which is open to the public for recreational use." *Id.* at 834. Thus, the proper inquiry is not merely whether the property is held open to the public, but whether the landowner "desired, induced, encouraged or expected" others to enter the land sufficient to make them invitees.[1] *Id.* at 837.

■ The trial court found that Civils had opened his property to the public, but decided that "[t]he Court cannot conclude that Civils' conduct was such that others were justified in believing that he (Civils) desired them to enter the land." R. 151. Whether or not Civils's property was held open to the public, if Civils's conduct was not such as to justify Benjamin believing that he desired him to enter, rather than simply permitting him to enter, Benjamin's status is not that of an invitee.

We conclude that the designated evidence indicates Benjamin was a licensee, and not an invitee or invited guest, and that the IRUS applies such that Civils does not incur liability for Benjamin's injury.

We hold that the trial court erred in denying Civils's motion for summary judgment. We reverse the decision of the trial court and remand with instructions to enter summary judgment in favor of Civils.

Reversed and remanded.

BAKER, J., and GARRARD, J., concur.

---

1. Our statement in *McCormick* that "[t]he IRUS protects landowners from liability if they have opened their property to the public for recreational use," does not imply that the converse is true: that the IRUS does not apply to property which is not held open to the public.