**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**
**v.**
**FRANCISCO VELASQUEZ, Defendant**

Crim. No. 398/2003

Superior Court of the Virgin Islands

Division of St. Croix

August 8, 2005

ORIN L. ALEXIS, ESQ., Assistant Attorney General, Department of Justice, Christiansted, St. Croix VI, *Attorney for Plaintiff.*

ANDREW C. SIMPSON, ESQ., Christiansted, St. Croix VI, *Attorney for Defendant.*

**ROSS,** *Judge*

### MEMORANDUM OPINION

(August 8, 2005)

THIS MATTER is before the Court on Defendant's, Francisco Velasquez, Motion to Transfer to Family Division. For the following reasons, Defendant's motion is denied.

Defendant was charged with two counts of possession of a dangerous or deadly weapon during the commission of a crime of violence (a

firearm and a knife), robbery in the first degree, and assault in the first degree, as the result of an alleged incident which took place on or about August 12, 2003. The Defendant was seventeen years of age at the time. The matter was transferred from the Family Division to the Criminal Division pursuant to 5 V.I.C. 2508(b)(4). At trial, Velasquez was found not guilty on the charge of possessing a firearm during the commission of a crime of violence, and guilty on all of the other charges. On appeal, however, the District Court remanded the matter for a new trial. Defendant now seeks to have the matter transferred back to the Family Division since at the first trial he was acquitted on the charge of possessing a firearm during the commission of a crime of violence, which was the charge that mandated transfer to the Criminal Division.

5 V.I.C. 2508(b)(4), provides that: "[i]f a child or adult is charged with an offense which would be a felony if committed by an adult, and the child or adult was fourteen years of age or older at the time of the alleged offense, the Family Division of the Territorial Court, after a determination of probable cause, shall transfer the person for proper criminal proceedings to a court of competent criminal jurisdiction when [...] the offense now charged is one of the following offenses, which would be a felony if committed by an adult: murder in the first degree or an attempt to do so; rape in the first degree or an attempt to do so; aggravated rape or an attempt to do so; possession or use of a firearm in the commission of a crime of violence irrespective of whether the minor has been previously adjudicated to be a delinquent."

Defendant correctly argues that this case was mandatorily transferred to the Criminal Division based on the charge of possession of a firearm during the commission of a crime of violence. Defendant mistakenly argues, however, that double jeopardy prohibits the Court from continuing to treat him as an adult. In fact, Defendant has failed to provide, and the Court has not found, any authority to support such a contention.

"[U]nder the Fifth Amendment [a] verdict of acquittal is final, ending a defendant's jeopardy, and even when not followed by any judgment, is a bar to a subsequent prosecution for the same offence." *Green v. U.S.*, 355 U.S. 184, 188, 2 L. Ed. 2d 199, 78 S. Ct. 221 (1957). Thus, while double jeopardy does protect the Defendant from being retried on the charge of possession of a firearm during the commission of a crime of violence, it does not require that the case be transferred back

to Family Division. 5 V.I.C. 2508(e) provides that once "a child has been transferred from the Family Division to a court of competent jurisdiction, that court shall retain jurisdiction over the case, even though the child pleads guilty to, or is convicted of a lesser included offense; and a plea to or conviction of a lesser included offense shall not revest the Family Division with jurisdiction over such a child." The two specific situations delineated by the legislature of the Virgin Islands under which a matter will not be transferred back to the Family Division are not, however, exhaustive. Although the legislature did not specifically address situations in which a defendant is acquitted of the charges which mandated transfer, it is evident that the legislature intended to have the court of competent jurisdiction retain such jurisdiction once a transfer has been made. As such, the Court finds that this Court is without authority to transfer the matter back to the Family Division. Moreover, the transfer was clearly valid at the time it was made, and retrial on charges not including the charge which mandated the transfer does not necessitate or require a transfer back to the Family Division. Accordingly, the premises having been considered, and the Court otherwise being fully advised, it is hereby

ORDERED that Defendant's Motion to Transfer to Family Division is DENIED.