TARIQ DAVIS, a minor, by his parents and next of friends, DIANNE BYNOE and ROOSEVELT DAVIS, and DIANNE BYNOE and ROOSEVELT DAVIS, on their own behalf, Plaintiffs

v.

AMERICAN YOUTH SOCCER ORGANIZATION, VIRGIN ISLANDS AMERICAN YOUTH SOCCER ORGANIZATION, THE UNIVERSITY OF THE VIRGIN ISLANDS, and LAVAR BROWNE, Defendants

Case No. ST-09-CV-70

Superior Court of the Virgin Islands

Division of St. Thomas and St. John

January 20, 2016

DESMOND L. MAYNARD, ESQ., Law Offices of Desmond L. Maynard, St. Thomas, USVI, *Attorney for Plaintiffs*.

A. JEFFREY WEISS, ESQ., A. J. Weiss & Associates, St. Thomas, USVI, *Attorney for Defendants AYSO*.

DOUGLAS L. CAPDEVILLE, ESQ., Law Offices of Douglas L. Capdeville, P.C., Christiansted, USVI, *Attorney for Defendant UVI*.

CHRISTIAN, *Judge*

## MEMORANDUM OPINION

(January 20, 2016)

Pending before the Court is the "Motion for Partial Summary Judgment Limiting Non-Economic Damages" filed by Defendants American Youth

Soccer Organization and Virgin Islands American Youth Soccer Organization (collectively "the AYSO Defendants").[1] Plaintiffs filed a brief in opposition to said motion, and the AYSO Defendants submitted a reply memorandum. On October 2, 2015, the Court heard oral arguments on said motion. For the following reasons, the AYSO Defendants' motion will be denied.

## I. FACTUAL AND PROCEDURAL BACKGROUND.

The matters raised in the AYSO Defendants' motion for partial summary judgment are primarily based on issues of statutory construction. Therefore, the Court only recites the facts of record which are germane to its resolution. Plaintiffs Dianne Bynoe and Roosevelt Davis are the parents of Plaintiff Tariq Davis ("Tariq"), who was a minor at the times relevant to this litigation. Tariq was a member of a youth soccer team which practiced and played games under the governance of the AYSO Defendants. The practices and games were conducted on a grass field owned and managed by Defendant University of the Virgin Islands ("Defendant UVI"). The field is located adjacent to the Cyril E. King Airport on St. Thomas, U.S. Virgin Islands.

On February 17, 2007, Tariq and his teammates were practicing on the field, which runs parallel to, and immediately abuts, a public sidewalk and roadway. At the time, there was no fence surrounding the perimeter of the field. While pursuing a soccer ball which left the grounds and entered the roadway, Tariq was struck by a passing vehicle driven by Defendant Lavar Browne.[2] Tariq suffered numerous injuries which require continuing medical care.

Plaintiffs filed their complaint in the Superior Court on February 12, 2009. Plaintiffs allege that Tariq's injuries are the result of Defendants' combined negligence. They seek both economic and non-economic damages for Tariq's injuries, and for his parents' emotional distress and expenses. The AYSO Defendants filed this motion seeking partial summary judgment against Plaintiffs, and request that this Court limit any potential award of non-economic damages against them to not more than

---

[1] The Superior Court has jurisdiction over this civil action pursuant to V.I. CODE ANN. tit. 4, § 76(a).

[2] Defendant Lavar Browne settled with Plaintiffs and was dismissed from this action pursuant to a written stipulation, which was approved by this Court.

One Hundred Thousand Dollars ($100,000.00) in accordance with Title 20, Section 555(a), Virgin Islands Code.

## II. LEGAL DISCUSSION.

### a. Summary Judgment Standard.

■ In resolving a motion for partial summary judgment, the Court applies the same standard used for evaluating a motion for summary judgment on all issues.[3] Summary judgment is appropriate where the "pleadings, discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[4] The Court must determine whether there is any genuine issue of material fact.[5] The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment.[6] A fact is material only if its existence or non-existence will affect the outcome of a lawsuit under applicable law, and a dispute over a material fact is genuine only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.[7] Then, if there is no genuine

---

[3] *Concepcion v. V.I. Hous. Auth.*, 47 V.I. 112, 114-15 (V.I. Super. Ct. 2005). *See also Pease v. Lycoming Engines*, Civil Action No. 4:10-CV-00843, 2011 U.S. Dist. LEXIS 108950 at *3 (M.D. Pa. Sept. 23, 2011).

[4] FED. R. CIV. P. 56(c)(2). The Supreme Court of the Virgin Islands has cautioned against this tribunal's wholesale incorporation of the Federal Rules of Civil Procedure and the Local Rules of Civil Procedure pursuant to Rule 7 of the Rules of the Superior Court. *See, e.g., Vanterpool v. Gov't of the V.I.*, 63 V.I. 563 (V.I. 2015). Nevertheless, both the Supreme Court and the Superior Court consistently apply the summary judgment standard set forth in Rule 56 of the Federal Rules of Civil Procedure, and the judicial precedents established thereunder. *E.g., Brouillard v. DLJ Mortg. Capital, Inc.*, 63 V.I. 788 (V.I. 2015); *Certain Underwriters at Lloyds of London v. Garcia*, 63 V.I. 499 (V.I. Super. Ct. 2015). The summary judgment procedure resolves unsustainable claims and defenses in advance of trial, thereby narrowing the number of outstanding legal issues and serving the interests of judicial economy and efficiency. *See* SUPER. CT. R. 1. Therefore, the Court will apply these legal principles to this motion.

[5] *Simpson v. Golden Resorts, LLLP*, 56 V.I. 597, 605 (V.I. 2012). *See also Skopbank v. Allen-Williams Corp.*, 7 F. Supp. 2d 601, 39 V.I. 220, 227 (D.V.I. 1998).

[6] *Anderson v. Liberty Lobby. Inc.*, 477 U.S. 242, 247-48, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

[7] *Id.*

issue of material fact, the Court determines whether the movant is entitled to judgment as a matter of law.[8]

■ The role of the Court is not to weigh the evidence for its truth or credibility, but merely to ascertain whether a triable issue of fact remains in dispute, and, if not, who ought to succeed on the merits.[9] The nonmoving party receives "the benefit of all reasonable doubts and inferences drawn from the underlying facts."[10] Summary judgment is characterized as a drastic remedy.[11] Therefore, "[it] cannot be entered unless the movant has established its right to a judgment with such clarity as to leave no room for controversy, and the other party is not entitled to recover under discernible circumstances."[12] However, "it may be granted if it appears from the record, after viewing all the evidence and factual inferences in the light most favorable to the non-moving party, that the moving party is entitled to judgment as a matter of law."[13] An issue of statutory construction may be properly resolved on a motion for summary judgment when the pertinent underlying facts are undisputed.[14]

### b. Territorial Precedents on 20 V.I.C. § 555(a).

The AYSO Defendants' motion focuses on the applicability of Title 20, Section 555(a), Virgin Islands Code, which provides, in pertinent part, "The total amount recoverable for non-economic damages for any injury to a person in an action arising out of a motor vehicle accident may not exceed $100,000; provided, however, that this limitation shall not apply upon a finding of gross negligence or willful conduct."[15] There is no

---

[8] *Anchorage Assocs. v V.I. Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990).

[9] *Anthony v. FirstBank V.I.*, 58 V.I. 224, 234 (V.I. 2013). *See also Suid v. Phoenix Fire & Marine Ins. Co., Ltd.*, 26 V.I. 223, 225 (D.V.I. 1991).

[10] *Maduro v. Am. Airlines, Inc.*, S. Ct. Civ. No. 2007/029, 2008 V.I. Supreme LEXIS 24 at ** 7-8 (V.I. Feb. 28, 2008). *See also Aristide v. United Dominion Constructors. Inc.*, 30 V.I. 224, 226 (D.V.I. 1994) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986)).

[11] *E.g., Palisoc v. Poblete*, 60 V.I. 607, 612-13 (V.I. 2014) (citation omitted).

[12] *Battle v. Industrious*, 26 V.I. 83, 85 (V.I. Terr. Ct. 1991).

[13] *Id.*

[14] *See, e.g., United HealthGroup, Inc. v. Wilmington Trust, Co.*, 548 F.3d 1124, 1127-28 (8th Cir. 2008); *Beattie v D.M. Collections, Inc.*, 754 F. Supp. 383, 386 (D. Del. 1991).

[15] 20 V.I.C. § 555(a). This section goes on to state that it ". . . shall not apply upon a **finding** of gross negligence or willful conduct. *Id.* (emphasis added). This language suggests that

mandatory authority for this law, but it has been judicially constructed twice by Virgin Islands trial courts. Because the parties identify and prominently rely on these cases to argue their respective positions on the AYSO Defendants' present motion, this Court will examine both of these persuasive precedents.[16]

First, in *Owens v. V.I. Miscellaneous Servs., Inc.*,[17] the plaintiffs were injured in a multiple car collision when their vehicle's airbags did not deploy. The defendants, a rental car agency and another corporation, asserted that non-economic damages should be limited to the statutory amount found in Section 555(a).[18] The court held that the plaintiffs' suit was a products liability claim, and determined that § 555(a) was inapplicable to such a cause of action. The *Owens* court noted that "[t]he Legislature's intent was to protect insurance carriers as well as operators and owners of motor vehicles from non-economic damages in excess of $75,000."[19] The *Owens* opinion further stated that "[this] law was enacted at the same time [as the Territory's] compulsory automobile insurance [statute]," and "[i]t is evident . . . that [this] law was enacted in order to ensure that there would be sufficient motor vehicle insurance capacity in

---

Section 555(a) is only triggered when liability is found by the trier of fact. Therefore, the AYSO's motion may be premature. However, because Plaintiffs did not raise this argument in their brief or at oral argument, they have waived the matter. *See Ho v. Vu*, Case No ST-14-CV-457, 2015 V.I. LEXIS 80 at *6 (V.I. Super. Ct. July 16, 2015). *See also Paleteria La Michoacana, Inc. v. Productos Lacteos Tocumbo S.A. De C.V.*, 79 F. Supp. 3d 60, 80 n.11 (D.D.C. 2015) (citation omitted).

[16] In their reply memorandum, and during the portion of the oral arguments addressing the applicability of 20 V.I.C. § 555(a), the AYSO Defendants' counsel also drew comparisons to two California cases that barred plaintiffs from recovering non-economic damages in automobile accidents due to a state statute. Both of those cases reference § 3333.4 of the California Civil Code, which is the state's uninsured motorists law. *See* CAL. CIVIL CODE § 3333.4 (1996); *Allen v. Sully-Miller Contracting Co.*, 28 Cal. 4th 222, 120 Cal. Rptr. 2d 795, 47 P.3d 639 (2002); *Day v. City of Fontana*, 25 Cal. 4th 268, 105 Cal. Rptr. 2d 457, 19 P.3d 1196 (2001). Because Section 555(a) is not an uninsured motorist statute, and California law does not govern the construction of the instant Virgin Islands statute, neither of these cases are pertinent to the Court's discussion and decision. Even if this Court were to consider this California statute and precedent, it is of note that the California Supreme Court has already concluded that § 3333.4 is inapplicable to cases of premises liability. *See Hodges v. Superior Court*, 21 Cal. 4th 109, 86 Cal. Rptr. 2d 884, 980 P.2d 433 (1999).

[17] Civil No. 053/2002, 2005 V.I. LEXIS 17 (V.I. Super. Ct. 2005).

[18] *Id.* 2005 V.I. LEXIS 17, at **2-3. At the time of the opinion in *Owens*, the statutory cap of Section 555(a) was Seventy Five Thousand Dollars ($75,000.00).

[19] *Id.* 2005 V.I. LEXIS 17, at *7.

43

the Virgin Islands."[20] *Owens* continues, "the plain language of [this] law indicates that the law is *only* applicable to 'actions arising out of a motor vehicle accident.' "[21] This language, according to *Owens*, precluded the application of Section 555(a) to a strict liability action against those defendants who placed a defective motor vehicle in the stream of commerce.

The District Court of the Virgin Islands ("District Court") also construed Section 555(a) in *Washington v. Hovensa, LLC.*[22] In *Washington*, the plaintiff was driving her vehicle and passed an area where the defendant's agents were operating a sandblaster, when the machine's discharge fine clogged.[23] During the defendant's agents' attempt to clear the sandblaster, it malfunctioned and ejected material that struck the plaintiff's car, creating a loud noise and shattering her windows.[24] The accident caused plaintiff to suffer hearing loss, and shoulder and neck pain.[25] The District Court ruled, "even though [the plaintiff] happened to be driving her car when the incident occurred," "we cannot conclude . . . that [plaintiff's] injuries arose out of a motor vehicle accident."[26]

Both *Owens* and *Washington* counsel that the key phrase "an action arising out of a motor vehicle accident" should be narrowly read. According to them, "The law applies only to damages arising from the negligent operation of a motor vehicle . . . ,"[27] and does not extend to every case where a vehicle may be involved in the underlying fact pattern.[28]

### c. Summary of the Parties' Arguments.

In support of their motion, the AYSO Defendants seize upon certain language from *Washington* to support their argument that Section 555(a)

---

[20] *Id.* 2005 V.I. LEXIS 17, at *6-7.

[21] *Id.* (emphasis added).

[22] Civil Action No. 06-97, 2011 U.S. Dist. LEXIS 131334 (D.V.I. 2011).

[23] *Id.* 2011 U.S. Dist. LEXIS 131334, at *2-3.

[24] *Id.* 2011 U.S. Dist. LEXIS 131334, at *3.

[25] *Id.*

[26] *Id.* 2011 U.S. Dist. LEXIS 131334, at *9-10.

[27] *Owens*, 2005 V.I. LEXIS 17 at *7.

[28] *Washington*, 2011 U.S. Dist. LEXIS 131334 at *9-11.

provides them with a limitation of liability in this case. Specifically, the District Court pronounced,

> This is not a case of two cars crashing, or of one car hitting a stationary object and personal injuries resulting. Here, Washington would have been injured whether or not she was in a car. If she had been walking down the road, she still would have been hit by the sandblasting materials. If she had been sitting in her car eating lunch, and a person had blasted her with water from a high pressure hose or had walked up, broken the window, and punched her, it could not be said that her injuries arose out of a motor vehicle accident. The vehicle in these scenarios is essentially irrelevant to her injuries.[29]

The AYSO Defendants argue that because Tariq was actually hit by a motor vehicle, under *Washington* this case is "an action arising out of a motor vehicle accident." Thus, they conclude, the statutory cap of $100,000.00 protects them from any further liability for non-economic damages.

Plaintiffs counter that the statute was intended to provide this cap protection only to a defendant who is a motorist operating a vehicle in the course of the incident which underlies the tort lawsuit. In addition to *Owens*, Plaintiffs rely, in large part, on portions of the legislative transcripts from the June 8, 1999, meeting of the Committee on Finance, and the June 24, 1999, meeting of the Committee on Rules of the Twenty Third Legislature of the Virgin Islands, when they considered what eventually became Act No. 6287, which enacted 20 V.I.C. § 555(a). Plaintiffs argue that the *Owens* precedent and the legislative history demonstrate that the Legislature intended to extend this statutory cap protection only to the operators of motor vehicles who are determined to be liable for a plaintiffs injuries. Plaintiffs contend, as held in *Owens*, that the legislature wanted to protect against large non-economic damage awards to ensure a robust automobile liability insurance market and protect insureds from being burdened with exceedingly high premiums for such policies.

The AYSO Defendants retort that the language of 20 V.I.C. § 555(a) is plain and unambiguous, and no resort to legislative history is permitted under the canons of statutory construction. In their view, the phrase

---

[29] *Id.* 2011 U.S. Dist. LEXIS 131334, at *10.

"arising out of" is unambiguous and must be given effect as written and read broadly. Because Tariq was struck by an automobile, this is "an action arising out of an automobile accident," and the AYSO Defendants' conclude that the cap provides them with protection from any award of non-economic damages in excess of $100,000.00.

### d. The AYSO Defendants are not Entitled to Judgment as a Matter of Law Because 20 V.I.C. § 555(a) is Inapplicable to Plaintiffs' Action Against Them.

██ Upon review of the parties' arguments and cited precedents, and independent research, the Court agrees with the conclusions reached in *Owens* and *Washington*, and holds that the scope of 20 V.I.C. § 555(a) is not to be read broadly. Therefore, based upon principles of tort liability and statutory construction, the Court concurs with Plaintiffs that the liability of the AYSO Defendants is not capped by the provisions of this enactment.

██ As with all statutes, the reviewing court must first examine the plain language of the law, and give effect to those words if they are unambiguous and clearly reflect the intention of the legislative branch.[30] In the course of this exercise, the court must look at the language within the context in which it is used, and apply it in accordance with its common understanding and appropriate meaning.[31] A court also must endeavor to avoid interpreting a statute in a fashion that leads to an unintended or absurd result.[32] But, it is not for the Court to impose its own view of what the law should be in place of what the Legislature has ratified.[33] To the extent that Plaintiffs rely on the legislative history of Section 555(a) through the transcripts of committee hearings, they are reminded that ". . . relying on legislative history to discern legislative

---

[30] *E.g., Lopez v. People*, 60 V.I. 534, 537-538 (V.I. 2014) (citations omitted); *Sonson v. People*, 59 V.I. 590, 598-99 (V.I. 2012) (citations omitted).

[31] *See* 1 V.I.C. § 42. *See also Connor v. People*, 59 V.I. 286, 296 n.8 (V.I. 2013), *cert. denied*, 134 S. Ct. 793, 187 L. Ed. 2d 602 (2013).

[32] *E.g., Haynes v. Ottley*, 61 V.I 547, 573 (V.I. 2014) (citations omitted); *People ex rel. K.J.F.*, 59 V.I. 333, 344 (V.I. 2013) (citations omitted).

[33] *E.g., Bryan v. Fawkes*, 61 V.I. 416, 462 (V.I. 2014) (citations omitted); *Brady v. Gov't of the V.I.*, 57 V.I. 433, 443-44 (V.I. 2012) ("... it is not the function of this Court to substitute its judgment for that of the Legislature.") (citations omitted).

intent should be done with caution. . . ."[34] This is because there are many components which make up the legislative history of any enactment, and it is often difficult to discern a single purpose from such diverse factors.

In this instance, the transcripts of the Committee on Finance and Committee on Rules hearings are not particularly helpful for several reasons. First, neither transcript indicates that the Legislature tied Section 555(a) with the regulation of insurance premiums as argued by Plaintiffs. Much of the discussion in the Committee on Finance hearing transcript centers on overall governmental financial concerns, and not specifically on automobile insurance or the statutory cap at issue. While concern about insurance premium costs is mentioned in the Committee on Rules transcript, there is no specific discussion about that item vis-à-vis the cap on damages. Second, it is not clear whether the bill which was before the committee was in the same form as the ultimate enactment. During the legislative process, many times bills are amended, and Plaintiffs, as the party relying on this evidence, have not demonstrated that this was not the case here. Third, Act No. 6287[35] is titled "The Short Term Revenue Enhancement Act of 1999," and, while it addresses compulsory automobile insurance[36] and the statutory cap for non-economic damages,[37] it also contains many other sections covering unrelated subject matter. These items include, but are not limited to, increasing fees imposed by the Office of the Tax Assessor,[38] implementing a point system regime for moving violations,[39] changes to fees charged by the Division of Corporations and Trademarks,[40] and amendments to the rates of excise taxes on various goods and commodities.[41] Finally, only two senators mention the damages cap in the Committee on Finance transcript, and neither of those commenters addressed the scope of coverage of the provision — which is the issue before the Court. Thus, the Court

---

[34] *Gilbert v. People*, 52 V.I. 350, 357 (V.I. 2009) (quoting *Morgan v. Gay*, 466 F.3d 276, 278 (3d Cir. 2006)).

[35] 1999 V.I. Sess. Laws 39.

[36] *Id.* at 49-57.

[37] *Id.* at 58.

[38] *Id.* at 44.

[39] *Id.* at 59-64.

[40] *Id.* at 46-47.

[41] *Id.* at 64.

determines that Plaintiffs' submission regarding the legislative history provides little guidance with respect to this motion.

■ Although the Court agrees with the AYSO Defendants that the legislative history of Section 555(a) is of little assistance, the Court disagrees that the phrase "an action arising out of a motor vehicle accident" should be interpreted as broadly as they suggest. Contrary to overwhelming precedent, the movants focus solely on three words from this language — "arising out of" — and supply several non-binding precedents interpreting these words as broadly as possible to support their argument. However, when construing a statute, it is inappropriate to single out specific words and ignore the remaining language. Rather, each word must be given a reasonable construction and the entire statute read as a whole.[42] Thus, ". . . when 'interpreting a statute, the court will not look merely to a particular clause in which general words may be used, but will take in connection with it the whole statute (or statutes on the same subject) and the objects and policy of the law, as indicated by its various provisions, and give to it such a construction as will carry into execution the will of the Legislature . . . .' "[43]

■ ■ Further, the AYSO Defendants do not address the context in which the contested language is found. They mostly rely on a host of cases which interpret the phrase "arising out of" as found in insurance policies, as opposed to precedents construing this language when it is used in a statute. This distinction is important because a policy of insurance is a contract between two or more private parties who are free to impose duties on, and accept obligations from, each other as they see fit. The obligations and benefits of a private agreement generally do not have any bearing beyond the parties thereto. But, statutes have a far broader sweep and impact all within the pertinent jurisdiction. Where, as here, a governmental statute restricts rights that parties generally are free to vindicate, the court should consider the language used with more circumspection than it would when considering a private agreement.

---

[42] *See, e.g., Corraspe v. People*, 53 V.I. 470, 482 (V.I. 2010) ("It is a cardinal principle of statutory construction that a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant.") (quoting *TRW, Inc. v. Andrews*, 534 U.S. 19, 31, 122 S. Ct. 441, 151 L. Ed. 2d 339 (2001)).

[43] *Kokoszka v. Belford*, 417 U.S. 642, 650, 94 S. Ct. 2431, 41 L. Ed. 2d 374 (1974) (quoting *Brown v. Duchesne*, 60 U.S. 183, 15 L. Ed. 595 (1857)).

Other courts agree that this distinction should be observed in appropriate cases. The Supreme Court of Utah, when construing the phrase "arising out of" in that State's survival statute noted,

> Hartford relies on *Meadow Valley Contractors, Inc. v. Transcontinental Insurance Co.*, 2001 UT App 190, ¶ 14, 27 P.3d 594, in arguing that the phrase "arising out of" is "very broad, general and comprehensive." In so arguing, however, Hartford focuses entirely on the interpretation of the three-word phrase, according no weight to the different context in which the phrase occurred. In *Meadow Valley Contractors*, the court noted the breadth of the phrase "arising out of" only "as used in a *liability insurance policy.*' " *Id.* (emphasis added) (quoting *Viking Ins. Co. of Wis. v. Coleman*, 927 P.2d 661, 663 (Utah Ct. App. 1996)). In this case, however, we are asked to interpret the phrase in the context of a statute, section 78-11-12(1)(a), adopted for the purpose of abrogating the common law rule of abatement in tort actions. The distinction in contexts is evident. It is also determinative inasmuch as statutory language cannot be interpreted in isolation. Rather, it must be interpreted in light of the statute as a whole and its apparent statutory purpose.[44]

When looking at the entire statute written by the Legislature, and not just three words, and being mindful that it is placed in a statute which limits a plaintiff's right to recovery, it is apparent that 20 V.I.C. § 555(a) should be interpreted more strictly than the movants prefer. A review of the statute in the context of Virgin Islands common law doctrines solidifies the conclusion that only motor vehicles operators fall within the law's protective aegis.

██ In the Virgin Islands, the liability of joint tortfeasors is governed by common law principles of joint and several liability, as modified by statute.[45] Under territorial law, unless specifically modified within 5 V.I.C. § 1451, the common law rule that a joint tortfeasor is liable to a plaintiff for the full amount of the damages awarded at trial is

---

[44] *Estate of Berkemeir v. Hartford Ins. Co.*, 2004 UT 104, 106 P.3d 700, 703 (2004) (citations in original).

[45] *See* 5 V.I.C. § 1451(d). *See also Jeffers v. Meridian Eng'g. Inc.*, 27 V.I. 105, 107-10 (V.I. Terr. Ct. 1992).

controlling.[46] Title 20, Section 555(a), Virgin Islands Code, restricts this common law right, which brings into play another settled rule of statutory construction. Statutes enacted in derogation of the common law are strictly construed.[47] This rule applies to statutes which, like 20 V.I.C. § 555(a), limit an injured party's right to recover all of his or her damages from a liable tortfeasor.[48] Therefore, it must be construed strictly to avoid an erosion of Plaintiffs' common law rights to pursue damages which exceeds the Legislature's intention in passing Section 555(a). Moreover, the AYSO Defendants' argument that they are entitled to the cap's protection, even though the omissions alleged against them do not involve the operation of a motor vehicle, further put this statute at odds with the common law. Under the tenets of joint and several liability, putative joint tortfeasors are not necessary parties to a proceeding to recover damages.[49] Therefore, unless clearly modified by a statute, a plaintiff may sue multiple tortfeasors jointly in a single litigation or in separate lawsuits at his or her option.[50]

---

[46] *See Jeffers*, 27 V.I. at 113-14. *See generally* 74 AM. JUR. 2D *Torts* § 65 (2015).

[47] *E.g., Hansen v. O'Reilly*, 62 V.I. 494, 520-21 (V.I. 2015) (discussing Virgin Islands election laws); *In re Infant Sherman*, 49 V.I. 452, 463 (V.I. 2008) (construing Virgin Islands adoption statutes).

[48] *See Civils v. Stucker*, 705 N.E.2d 524, 527 (Ind. Ct. App. 1999) ("This statute denies certain persons legal recourse for personal injury or property damage and, thus, is in derogation of the common law and must be strictly construed against limiting a claimant's right to bring suit."); *Naber v. Thompson*, 274 Ore. 309, 546 P.2d 467, 468 (1976) (construing Oregon's guest statute).

[49] *Temple v. Synthes Corp.*, 498 U.S. 5, 7-8, 111 S. Ct. 315, 112 L. Ed. 2d 263 (1990) ("It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit."). *See also Lustgraaf v. Behrens*, 619 F.3d 867, 885 (8th Cir. 2010) (citations omitted); *Hecht v. New York*, 60 N.Y.2d 57, 454 N.E.2d 527, 530-31, 467 N.Y.S.2d 187 (1983) ("A plaintiff may proceed against any or all defendants.") (citations omitted).

[50] *See Life Care Centers of America, Inc. v. Estate of Neblett*, Civil Action No. 5:14-CV-00124-TBR, 2014 U.S. Dist. LEXIS 150433 at * 8 (W.D. Ky. Oct. 21, 2014) ("... Moberly and Plaintiffs are joint tortfeasors whose obligation to Defendants may be decided in separate actions.") (citations omitted); *Cordova v. Holwegner*, 93 Wn. App. 955, 971 P.2d 531, 534-35 (1999) ("However, in Washington, an employer and its employees are jointly and severally liable for the negligent acts of the employee in the scope of employment, and one damaged by such acts can sue both the employer and the employee or either separately.") (citations, quotation marks, and insertions omitted); *Harris v. Grizzle*, 599 P.2d 580, 585-86 (Wyo. 1979) ("The general rule is that joint tortfeasors may be sued separately or jointly at the election of the injured party.") (applying Wyoming statutes).

██ Applying these concepts to the case at bar, what is before the Court is not a single action as assumed by the AYSO Defendants. In actuality, there are three separate lawsuits brought by Plaintiffs: 1) an action against the now-dismissed Defendant Lavar Browne for the negligent operation of his automobile; 2) an action against the AYSO Defendants for negligent supervision of the soccer activities, negligent training of their agents, and premises liability; and 3) an action against Defendant UVI for premises liability. Of course, it is the usual practice to bring a single action which joins all claims and parties in one lawsuit for the sake of efficiency and economy,[51] as Plaintiffs have done in this instance. However, only the action against Defendant Lavar Browne is one "arising out of a motor vehicle accident" because he was operating a motor vehicle in the course of the underlying incident. The AYSO Defendants, or their agents, were not operating any motor vehicles which led to Tariq's injuries. The AYSO Defendants' construction of 20 V.I.C. § 555(a) would allow them to benefit from this statutory cap on liability simply because Plaintiffs opted to join all claims and parties in a single civil proceeding as provided by the procedural rules followed by this tribunal. This extensive diminution of the common law right to pursue full damages from all responsible tortfeasors can only be established through very clear statutory wording.[52] No such language appears in Section 555(a).

██ Finally, although the procedural rules of this tribunal provide for "one form of action,"[53] the substantive law of joint and several liability remains the law in the Virgin Islands, except as specifically modified by 5 V.I.C. § 1451. Thus, the existence of a court procedure which provides for uniting multiple claims into a single proceeding does

---

[51] *See* SUPER. CT. R. 1 (The Rules of the Superior Court are construed to promote simplicity and avoid unnecessary expense); SUPER. CT. R. 7 (The Federal Rules of Civil Procedure provide guidance when there is no governing Superior Court provision); FED. R. CIV. P. 18 (Joinder of Claims); FED. R. CIV. P. 20 (Permissive Joinder of Parties).

[52] 3 NORMAN J. SINGER & J.D. SHAMBIE SINGER, STATUTES AND STATUTORY CONSTRUCTION § 61:1 (2008) ("No statute is to be construed as altering the common law, farther than its words import. It is not to be construed as making any innovation upon the common law which it does not fairly express.") (quoting *Shaw v. R.R. Co.*, 101 U.S. 557, 565, 25 L. Ed. 892, 8 Week. Notes Cas. 221 (1879)).

[53] SUPER. CT. R. 21.

not alter their substantive legal status as separate actions.[54] To the extent that the term "action" as used in Section 555(a) has two meanings — one substantive and one procedural — the statute is rendered ambiguous. In that instance, the law must be construed in a manner which preserves the common law as much as possible.[55] Strictly construing 20 V.I.C. § 555(a) in light of the common law of the Virgin Islands, Plaintiffs' action against the AYSO Defendants is not one "arising out of a motor vehicle accident," and they are not entitled to the protection provided by the law's limit on non-economic damages.

## III. CONCLUSION

After reviewing 20 V.I.C. § 555(a) against the framework of the common law of the Virgin Islands, and construing it strictly because it is in derogation of the common law, it is evident that Plaintiffs' action against the AYSO Defendants does not fall within the reach of the statute. Therefore, Section 555(a) is not applicable, and the AYSO Defendants have not demonstrated that they are entitled to judgment as a matter of law. For the foregoing reasons, the AYSO Defendants' Motion for Partial Summary Judgment Limiting Non-Economic Damages will be denied. An Order consistent with this Memorandum Opinion shall follow.

---

[54] *See Petrella v. Metro-Goldwyn-Mayer, Inc.,* ___ U.S. ___, 134 S. Ct. 1962, 1974, 188 L. Ed. 2d 979 (2014) ("True, there has been, since 1938, only 'one form of action — the civil action.' FED. RULE CIV. PROC. 2. But 'the substantive and remedial principles [applicable] prior to the advent of the federal rules [have] not changed.' ") (insertions, citation, and quotations in original) (citing 4 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1043, p. 177 (3d ed. 2002)).

[55] *See Heider v. Knautz,* 396 Ill. App. 3d 553, 919 N.E.2d 1058, 1065 (2009) ("Any legislative intent to abrogate the common law must be clearly and plainly expressed, and we will not presume from ambiguous language an intent to abrogate the common law.") (citations omitted); *Cash Am. Int'l, Inc. v. Bennett,* 35 S.W.3d 12, 16 (Tex. 2000) ("A statute that deprives a person of a common-law right 'will not be extended beyond its plain meaning or applied to cases not clearly within its purview.' ") (citations omitted).